JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

STEVEN J. SALTIEL (CSBN 202292)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6996
FAX: (415) 436-6748
steven.saltiel@usdoj.gov

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WHA

CV 09 2051

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT OF 1959, 29 U.S.C. § 482(b)** |
| v. | |
| LOCAL 87, SERVICE EMPLOYEES INTERNATIONAL UNION, | |
| Defendant. | |

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, alleges as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et. seq. (the "Act") for a judgment declaring that Defendant's May 30, 2008 election for the offices of Executive Board is null and void, directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

\\

COMPLAINT
No.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## INTRADISTRICT ASSIGNMENT

4. This civil action arises in the county of San Francisco, and should therefore be assigned to the San Francisco or Oakland Divisions pursuant to Civil L.R. 3-2.

## PARTIES

5. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to § 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

6. Defendant is an unincorporated association residing in the County of San Francisco, California, within the Northern District of California.

7. Defendant is a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(I), 3(j), and 401(b) of the Act, 29 U.S.C. §§ 402(I), 402(j), and 481 (b).

## FACTUAL ALLEGATIONS

8. On or about May 30, 2008, Defendant, purporting to act pursuant to its By-Laws, conducted a re-run election for various offices, including the offices of Executive Board. The May 30, 2008 election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

9. By letters to Local 87 dated June 9, 2008 and June 10, 2008, Julio Solorzano, a member in good standing of Defendant, protested the May 30, 2008 election.

10. By letter to the Service Employees International Union dated June 9, 2008, Solorzano protested the May 30, 2008 election.

11. On or about October 9, 2008, having invoked the remedies available to him for three calendar months without receiving a final decision, Solorzano filed a timely complaint with Plaintiff challenging the results of the May 30, 2008 election. Prior to filing this complaint, Solorzano exhausted the remedies available to him under Defendant's Bylaws and Constitution.

COMPLAINT
No.

12. In a series of letters, Defendant agreed that the time within which Plaintiff may bring suit with respect to the May 30, 2008 election be extended to May 11, 2009.

13. Pursuant to § 601 of the Act, 29 U.S.C. § 521, and in accordance with § 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated Solorzano's complaint, and based on her investigation, found probable cause to believe that: (a) defendant violated Title IV of the Act, 29 U.S.C. § 481 et. seq.; and (b) such violation has not been remedied.

14. Section 401(e) of the Act, 29 U.S.C. § 481(e), requires that candidacy eligibility qualifications by uniformly imposed. Defendant violated section 401(e) of the Act in conducting its May 30, 2008 election by disqualifying members as candidates, even though they met the eligibility qualifications, and by permitting members to be candidates, even though they failed to meet the eligibility qualifications.

15. Section 401(e) of the Act, 29 U.S.C. § 481(e), requires a local labor organization to conduct its election of officers in accordance with its constitution and bylaws. Defendant violated section 401(e) of the Act by failing to conduct its May 30, 2008 election in accordance with the eligibility requirements in its own constitution and bylaws.

16. Upon information and belief, the aforesaid violations of section 401(e) of the Act, 29 U.S.C. § 481(e), affected the outcome of the May 30, 2008 election for the offices of Executive Board.

WHEREFORE, plaintiff prays for judgment as follows:

(A)     Declaring the Defendant's May 30, 2008 election for the offices of Executive Board to be null and void;

(B)     Directing the Defendant to conduct a new election for the offices of Executive Board, under the supervision of the Plaintiff;

(C)     For costs of suit herein;

\\

\\

\\

\\

COMPLAINT
No.

(D)    For such other relief as the Court may deem just and proper.

DATED: May 8, 2009                          Respectfully submitted,

                                            JOSEPH P. RUSSONIELLO
                                            United States Attorney


                                            _____
                                            STEVEN J. SALTIEL
                                            Assistant United States Attorney

Of Counsel:

    U.S. Department of Labor

    CAROL A. DEDEO
    Deputy Solicitor for national Operations

    KATHERINE E. BISSELL
    Associate Solicitor

    LAWRENCE BREWSTER
    Regional Solicitor

    CLINTON WOLCOTT
    Counsel for Legal Advice

    WILLIE B. WHITE
    Senior Attorney

COMPLAINT
No.